Jim ANDREWS, Individually and as Next Friend of Paul Andrews, and Wayne Hooker, individually and as Next Friend of Darren Hooker, Appellants,

v.

The INDEPENDENT SCHOOL DISTRICT NO. 29 OF CLEVELAND COUNTY, Oklahoma; the Board of Education of Independent School District No. 29 of Cleveland County, Oklahoma; W.E. Duff, President; Pat Mayes, Vice President; Charles Hollingsworth, Member; Jane Ingles, Member; and William Anderson, Superintendent of Norman Public Schools, Appellees.

No. 65725.

Supreme Court of Oklahoma.

May 19, 1987.

**930**

Glenn Rawdon, Norman, for appellants.

Looney, Nichols, Johnson & Hayes by Chris J. Collins, Oklahoma City, for appellees.

DOOLIN, Chief Justice.

The appellants [parents] contend the appellees [School Board] violated the Open Meeting Act, 25 O.S. 1981, §§ 301 et seq., commonly known as the Sunshine Act, by (a) failure to give notice that the issue of increasing eligibility requirements for participation in extracurricular activities would be discussed at the School Board meetings; (b) that the committee which prepared the eligibility requirements had decision-making authority and failed to hold open meetings; and (c) that the School Board's ratification of the committee's acts made in violation of the Open Meeting Act will not cure the violation.

The Norman Public School Board published a notice that, as part of their agenda for the regularly scheduled Board Meeting to be held on May 3, 1983, the Superintendent would make his report and recommendations concerning an increase in academic requirements. The minutes of this public meeting show that the Superintendent's recommendations, among other things, included a recommendation that the minimum number of credits required for graduation be increased and that the elgibility requirements for extracurricular activity participation be raised.

Subsequent to the May meeting, a committee was formed consisting of one Board member, two Principals, a Coach and an Athletic Director. No members of the public served on the committee. The committee was charged with the responsibility of preparing guidelines for participation in extracurricular activities in the Norman Public Schools.

The committee prepared the guidelines, which were presented to the Board at the June meeting. The published agenda for this meeting reflected: "The proposed eligibility requirements for extracurricular activities will be presented. Action needed: none, item for discussion." Subsequent public meetings to discuss the proposed guidelines were held in June and July. The July agenda specified "The Board will hear discussion from patrons of the District on the guidelines recommended for eligibility for extracurricular activities. Action needed: none." At the July meeting, the plaintiff parent recommended two changes in the eligibility guidelines, both of which were incorporated into the guidelines. The final public hearing was held on August 15, 1983, at which time the Board accepted the recommendations of the committee by a recorded vote of three in favor and one opposed.

On August 14, 1984, after the parents' children were declared ineligible for participation in the extracurricular programs because of failure to meet the academic requirement guidelines, this action was instituted in District Court to permanently enjoin the School District from implementing the guidelines. The District Court granted the School District's Motion for Summary Judgment and dismissed the parents' Motion for Summary Judgment. From this decision the parents appeal.

Section 304 (1) of the Open Meeting Act includes a Public School Board as an entity required by the Act to hold meetings open to the public. Section 303 requires the School Board to provide advance public notice specifying the time and place of the meetings, as well as the subject matter or matters to be discussed at the meetings. The parents assert that the advance notices failed to adequately inform the public of

the subject matters to be discussed at those meetings.

■ The legislative policy of the Act is "[t]o encourage and facilitate an informed citizenry's understanding of the governmental processes and governmental problems." [1] We approve the Court of Appeals' construction of the statute requiring that agenda shall "be worded in plain language, directly stating the purpose of the meeting ... [and] the language used should be simple, direct and comprehensible to a person of ordinary education and intelligence." [2] To require otherwise would defeat the purpose of the Act.

■ The agenda published for the May meeting informed the public that the Superintendent would present his report and recommendations concerning an "increase in academic requirements." The minutes reflect that the Superintendent's recommendations to the School Board were "to increase the minimum number of credits for graduation from Norman from eighteen to twenty-two, and the eligibility requirements for activities participation to be raised." The parents assert the agenda should have specified that the issue of academic requirements to participate in extracurricular activities would be raised and that failure to do so violated the Act. We disagree. The agenda notified the public that the Superintendent would be making his report and the topics to be covered. The Act does not require that the content of the report and recommendations be published in full prior to presenting the report to the Board. Furthermore, agenda of the four subsequent meetings clearly gave notice in plain language sufficient to be comprehended by a person of ordinary education and intelligence that the eligibility requirements for extracurricular activities would be presented and discussed at the board meetings. We therefore find the first assignment of error to be without merit.

The parents next assert that the committee which drafted the guidelines had decision-making authority and failed to hold open meetings, thereby violating the Act.

■ Section 304(1) of the Act requires that Public School Board meetings shall be open to the public, including all committee or subcommittee meetings, with specified exceptions. In construing this section of the Act, we previously found that subordinate entities are subject to the open meeting laws if the subordinate entity has decision-making authority, either actual or de facto.[3] If the purpose of the committee is purely factfinding, informational, recommendatory, or advisory with no decision-making authority, the committee is not required to hold open meetings.[4]

■ Here, the committee prepared four drafts of the proposed guidelines. Each of the last three drafts reflect changes requested by the Board or by the patrons. Further, one of the plaintiff parents himself proposed two changes at the public hearing held on July 11th, both of which were incorporated into the guidelines: first, that an exception be made for Special Education Students from the requirement that a student have a 2.0 grade average with no more than one D and no F's; second, that the eligibility requirements be changed to give students a chance to overcome a low second nine weeks grade. In reviewing the complete record, we find the committee's function was purely factfinding and recommendatory and the committee had no decision-making authority, either actual or de facto. Therefore, this assignment of error is without merit.

Lastly, the parents assert that the School Board's ratification of the committee's acts does not cure a violation of the Act. Having found no violation of the Open Meeting Act to be cured, this assignment of error is without merit.

1. 25 O.S. 1981, § 302.

2. *Haworth Board of Education of Independent School District, I-6, McCurtain County v. Havens*, 637 P.2d 902, 904 (Okl.Ct.App.1981).

3. *International Association of Firefighters v. Thorpe*, 632 P.2d 408, 411 (Okl.1981) and *Sanders v. Benton*, 579 P.2d 815, 820 (Okl.1978).

4. *Sanders*, 579 P.2d at 819.

The decision of the District Court sustaining the Motion for Summary Judgment by the School Board and overruling the Motion for Summary Judgment by the parents is AFFIRMED.

All Justices concur.