CONNER, APPELLANT, *v.* VILLAGE OF LAKEMORE, APPELLEE.

(No. 13370—Decided May 11, 1988.)

*Randall D. Weissfeld,* for appellant.

*George Vasko,* for appellee.

CACIOPPO, J. This cause arose out of the termination of the employment of plaintiff-appellant, Daniel Conner,

as Police Chief of the village of Lakemore. Conner sought a declaratory judgment in the Summit County Court of Common Pleas to declare three meetings held by the defendant-appellee, Lakemore Village Council, to have violated the Sunshine Law, R.C. 121.22, thereby invalidating council's actions in upholding the mayor's decision to dismiss him.

Both sides filed motions for summary judgment. The trial court denied Conner's motion and granted summary judgment to the council finding that none of the meetings violated the Sunshine Law. Conner now appeals.

### Assignments of Error

"I. The trial court erred by holding that it is not a violation of Ohio Sunshine Law for a Village Council to hold an executive session at the conclusion of an evidentiary hearing held pursuant to Section 737.19 of the Ohio Revised Code to remove a police chief over the objection of the police chief.

"II. The trial court erred by granting appellee's motion for summary judgment.

"III. The trial court erred by denying appellant's motion for summary judgment."

Because the assignments of error are related, they will be combined for discussion.

Conner argues that any or all of three meetings held by the village council violated R.C. 121.22, also known as the "Sunshine Law," which provides in relevant part:

"(A) This section shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings, unless the subject matter is specifically excepted by law.

"* * *

"(D) This section does not apply * * * to an audit conference conducted by the auditor of state or independent certified public accountants with officials of the public office that is the subject of the audit * * *.

"* * *

"(G) The members of a public body may hold an executive session only at a regular or special meeting for the sole purpose of the consideration of any of the following matters:

"(1) Unless the public employee, official, licensee, or regulated individual requests a public hearing to consider the appointment, employment, dismissal, discipline, promotion, demotion, or compensation of a public employee or official, or the investigation of charges or complaints against a public employee, official, licensee, or regulated individual. Except as otherwise provided by law, no public body shall hold an executive session for the discipline of an elected official for conduct related to the performance of his official duties or for his removal from office.

"* * *

"(3) Conferences with an attorney for the public body concerning disputes involving the public body that are the subject of pending or imminent court action * * *[.]"

The trial court granted summary judgment to the village, concluding, *inter alia,* that the first meeting, with a state auditor, fit the exception in R.C. 121.22(D), and the second meeting fit the exception for attorney conferences in R.C. 121.22(G)(3). However, we will begin our discussion by considering the third incident of which Conner complains.

The incident occurred during the regularly scheduled council meeting at which the appeal of Conner's dismissal was heard. In his notice of appeal, Conner requested a public hearing of the appeal. After hearing the evidence in public, and over the objection of Conner's attorney, the council members

called an executive session, meeting privately to review the evidence, and either uphold or reject the mayor's dismissal of Conner. After deliberating in the executive session, council went back into the public hearing and took a formal vote to uphold the mayor's action. Councilman Michael Stich testified that as a result of the deliberations that occurred during the executive session, he could predict the outcome of the formal vote.

In its order, the trial court made the following conclusions of law:

"(3) A public hearing was held on the issue of plaintiff's discharge pursuant to R.C. 121.22(G)(1). All evidence was presented publicly. Plaintiff was represented by counsel and had an opportunity to be heard both by the council and the public. The resolution to discharge plaintiff was made publicly and voted on publicly by a roll call vote.

"(4) The Sunshine Law was enacted to allow public access to and information concerning the functioning of governmental bodies and to ensure the accountability of governmental officials to the electorate. These purposes were accomplished by the public hearing held January 7, 1987.

"(5) Thus, this court believes council may adjourn to an executive session to consider the evidence and to discuss the merits and demerits of the case without violating R.C. 121.22 (G)."

These conclusions are incorrect and contrary to the express language of R.C. 121.22(G).

R.C. 737.19 authorizes a hearing, and dictates that it should be held at a regularly scheduled meeting of the village legislative authority. Where a hearing is statutorily authorized, and a public hearing is requested, R.C. 121.22(G) precludes the holding of an executive session to consider the dismissal of a public employee or official.

The appellee relies on *Matheny* v. *Bd. of Edn.* (1980), 62 Ohio St. 2d 362, 16 O.O. 3d 411, 405 N.E. 2d 1041, as support for the proposition that R.C. 121.22(G)(1) does not preclude private deliberations in deciding whether to terminate the employment of a public employee. This reliance is misplaced; the proposition applies to situations where a hearing is not otherwise statutorily authorized.

R.C. 121.22(H) states in relevant part:

"A resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body. A resolution, rule, or formal action adopted in an open meeting that results from deliberations in a meeting not open to the public is invalid unless the deliberations were for a purpose specifically authorized in division (G) of this section and conducted at an executive session held in compliance with this section.

"Upon proof of a violation or threatened violation of this section in an action brought by any person, the court of common pleas shall issue an injunction to compel the members of the public body to comply with its provisions."

Our review of the record shows that the executive session fails to meet the requirements of R.C. 121.22(G). As such, council's action in upholding the mayor's dismissal of Conner is invalid. R.C. 121.22(H). Because our ruling concerning the third meeting is dispositive of the case, appellant's arguments as to the other two meetings are moot.

Accordingly, the trial court's grant of summary judgment to the appellee is hereby vacated and the cause is remanded for further proceedings consistent with this opinion and the law.

*Judgment reversed*
*and cause remanded.*

MAHONEY, P.J., and QUILLIN, J., concur.