Dear District Attorney Macy
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
 May a board of county commissioners hold an executive session under 25 O.S. 307 (1992) to discuss the appointment of an individual to fill a vacancy in an elective county office pursuant to 51 O.S. 10(b) (1991)?
¶ 1 Consideration of your question requires an examination of the Oklahoma Open Meeting Act, 25 O.S. 301 (1991), et seq.,
and the procedures for the appointment of county officers to fill vacancies set forth in 51 O.S. 10(b) (1991).
¶ 2 Oklahoma's Open Meeting Act applies to all "public bodies."25 O.S. 303 (1991). The Act defines the term "public body" to include boards of county commissioners. 25 O.S. 304(1) (1991). Generally, the Act provides that meetings of public bodies must be open to the public, must be held at convenient and accessible times and places, and must be preceded by advance public notice of the date, time, and place of the meeting and of the matters to be considered. See, 25 O.S. 303, 25 O.S. 311 (1991).
¶ 3 The Act also imposes a number of specific requirements for the filing of public notices, the posting of agendas, the conducting of business during meetings, and the taking of minutes during meetings. See, 25 O.S. 305, 25 O.S. 311, 25 O.S.312 (1991). The Act furthers the public policy of encouraging citizen understanding and involvement in government. 25 O.S.302 (1991). As a result, a number of courts and Attorney General Opinions have held that the Act must be construed liberally in favor of the public. See, e.g., Andrews v. Independent SchoolDistrict No. 29, 737 P.2d 929, 931 (Okla. 1987); InternationalAssociation of Firefighters Local v. Thorpe, 632 P.2d 408, 411
(Okla. 1981); Matter of Order Declaring Annexation Dated June28, 1978, 637 P.2d 1270, 1273 (Okl.App. 1981); A.G. Opin. No. 82-114; A.G. Opin. No. 82-212.
¶ 4 Nevertheless, the Open Meeting Act does allow certain limited exceptions to the requirement that meetings must be open to the public. Under 25 O.S. 307 (1992), a public body may hold executive sessions (closed to the public) for specific reasons. Section 25 O.S. 307 allows a public body to hold an executive session "for the purpose of discussing the employment, hiring,appointment, promotion, demotion, disciplining, or resignationof any individual salaried public officer or employee." 25O.S. 307(b)(1) (1992) (emphasis added).
¶ 5 Your question thus appears to be answered directly by the provisions of 307 of the Open Meeting Act. Although your question specifically addresses individuals appointed to fill a vacancy in an elective county office, we find that the provision of 307 allowing executive sessions to discuss the appointment of public officials generally is broad enough to include those salaried employees and public officials who are appointed to fill vacancies. The statute to which you refer in your question, 51O.S. 10(b) (1991), simply provides that a board of county commissioners may temporarily appoint a person to an elective office that has been vacated until a special election can be held to fill the office permanently.[1] Section 51 O.S. 10(b) does not specify any particular procedures that a board must follow in discussing whom to appoint. In the absence of any statutory provision to the contrary, the allowance of executive sessions for the purpose of discussing the appointment of individual salaried employees and officers in 307 controls.
¶ 6 This conclusion is supported by consideration of the provisions of open meeting laws from other states. An examination of these laws indicates that some states allow public bodies to hold executive sessions only for the discussion of personnel matters regarding public employees, not public officials. See,Common Council of City of Peru v. Peru Daily, 440 N.E.2d 726,728-32 (Ind.Ct.App. 1982), discussing Code 5-14-1.5(6)(a)(iv). Other states specifically provide that a public body may not consider the discipline or removal of an elected public official in executive session. See, Conner v. Village of Lakemore,547 N.E.2d 1230 (Ohio Ct.App. 1988), discussing Ohio Rev. Code121.22(G)(1). Oklahoma has no such limitations on the scope of executive sessions.
¶ 7 Nevertheless, you should be aware that the fact that a public body is authorized to conduct an executive session to consider a particular matter does not mean that the public body is required to hold an executive session. The executive session provisions of the Open Meeting Act do not themselves create any legal privileges that require matters to be kept confidential. Therefore, in any given instance in which an executive session may be held, a public body must determine whether an executive session is warranted. In making the determination, a public body should consider all the facts and circumstances surrounding the proposed executive session and the general policy of openness that underlies the Open Meeting Act should be afforded great weight.
¶ 8 Finally, you should remember that under 25 O.S. 307
(1992), an executive session may be held only to discuss the matters in question. Any action, such as a vote as to whether to appoint a certain individual to a public office, must be conducted in open session.
 ¶ 9 It is, therefore, the official opinion of the Attorney General that, under 25 O.S. 307 (1992), a board of county commissioners may hold an executive session to discuss the appointment of an individual to fill a vacancy in an elective county office pursuant to 51 O.S. 10(b) (1991). However, the executive session provisions of the Open Meeting Act do not themselves create any legal privileges that require matters to be kept confidential. Therefore, in any given instance in which an executive session may be held, a public body must determine whether an executive session is warranted.
SUSAN BRIMER LOVING ATTORNEY GENERAL OF OKLAHOMA
RABINDRANATH RAMANA ASSISTANT ATTORNEY GENERAL
[1] 51 O.S. 10(b) (1991) provides:
 (b) All vacancies in county offices except the board of county commissioners shall be filled by appointment by the board of county commissioners. If such an appointment is made prior to the prescribed filing period for county officers in accordance with the provisions of Section 131 of Title 19 of the Oklahoma Statutes, the county commissioners shall, at the time said appointment is made, proclaim a special election to fill the balance of the unexpired term, providing the balance of the term does not expire in the year following the next succeeding general election. In making the proclamation, the county commissioners shall establish the dates for the filing period, primary election, runoff primary election and general election to be the same as the next succeeding filing period, primary election, runoff primary election and general election for county officers. The appointee shall be eligible to become a candidate at said special election, providing said appointee is otherwise qualified. The office to be filled shall be printed on the same ballot as other county offices.