Dear Representative Voskuhl,
¶ 0 This office has received your request for an official Opinion in which you asked, in effect, the following question:
May a public body keep confidential the purpose of an executivesession authorized pursuant to 25 O.S. Supp. 1997, § 307[25-307](B)(1),in which it discusses the employment, hiring, appointment,promotion, demotion, disciplining or resignation of an individualsalaried public employee?
¶ 1 The Oklahoma Open Meeting Act, 25 O.S. 1991 and Supp.1997, §§ 301-314 ("the Act"), sets forth procedures which must be complied with in order for public bodies to meet to discuss and transact business. One procedure mandated by the Act is that public bodies must post an agenda of all matters to be taken up by the public body during a meeting:
 [A]ll public bodies shall, at least twenty-four (24) hours prior to such meetings, display public notice of said meeting, setting forth thereon the date, time, place and agenda for said meeting[.]
25 O.S. Supp. 1997, § 311[25-311](A)(9).
¶ 2 Although public bodies must have open meetings pursuant to25 O.S. 1991, § 303[25-303], they are "permitted" to convene in executive session for certain enumerated reasons set forth in 25O.S. Supp. 1997, § 307[25-307](B). This includes "[d]iscussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any individual salaried public officer or employee." 25 O.S. Supp. 1997, § 307[25-307](B)(1). In order for a public body to enter executive session, it must meet additional criteria set forth in Section 311(B) of the Act:
 1. All agendas required pursuant to the provisions of this section shall identify all items of business to be transacted by a public body at a meeting, including, but not limited to, any proposed executive session for the purpose of engaging in deliberations or rendering a final or intermediate decision in an individual proceeding prescribed by the Administrative Procedures Act.
 2. If a public body proposes to conduct an executive session, the agenda shall:
 a. contain sufficient information for the public to ascertain that an executive session will be proposed;
 b. identify the items of business and purposes of the executive session; and
 c. state specifically the provision of Section 307 of this title authorizing the executive session.
25 O.S. Supp. 1997, § 311[25-311](B) (emphasis added).
¶ 3 Whether a matter pertains specifically to an executive session or not, the Oklahoma Supreme Court has stated that the Act requires that agendas must be worded in plain language, directly stating the purpose of the executive session, and that the language used should be simple, direct and comprehensible to a person of ordinary intelligence. Andrews v. Independent SchoolDistrict No. 29 of Cleveland County, 737 P.2d 929, 931 (Okla. 1987). Earlier, the Oklahoma Court of Appeals, using language quite similar to the language the Oklahoma Supreme Court later used in Andrews, held that when a local board of education listed an agenda item for "interviewing and discussing thehiring of an administrator," but then hired a school superintendent, the action of the board fell improperly outside of the notice in the agenda. Haworth Board of Education ofIndependent School District No. I-6, McCurtain County v. Havens,637 P.2d 902, 904 (Okla.Ct.App. 1981). In reaching this conclusion, the Court of Appeals stated, "interviewing anddiscussing the hiring" are not, in terms comprehensible to a person of ordinary intelligence, the same as "hiring." The actions proposed by the agenda were interviewing and discussing. The board did more than this by "hiring" a superintendent. Moreover, an "administrator," as set forth in the agenda, is not the same as a "superintendent." As such, the public received inadequate notice from a deceptively vague and ambiguous agenda.Id. Later, in Andrews, the Supreme Court specifically approved the Court of Appeals' construction of the statutory provision that agendas must "be worded in plain language."Andrews, 737 P.2d at 931. Therein, the Court said to require otherwise would defeat the purpose of the Open Meeting Act. Id.
In this light, it is quite evident that the word "identify," as used in Section 311(B), connotes a requirement by the Legislature that public bodies must provide the public with enough information on its agendas to allow the public to know the nature of an executive session discussion.
¶ 4 The concern raised by your question is that a public body may be unable to maintain the confidentiality available in an executive session if it must state on the agenda the nature of the matter to be discussed in executive session. To an extent this is true. Still, we note that for a public body to convene in executive session to discuss employment matters is not mandatory; it is simply "permitted." 25 O.S. Supp. 1997, § 307[25-307](B). While on the other hand a public body's duty to specify on the agenda all matters to be undertaken in a meeting is absolute. 25 O.S.Supp. 1997, § 311[25-311](B). See also Andrews v. Independent SchoolDistrict No. 29 of Cleveland County, 737 P.2d 929 (Okla. 1987);Hilliary v. State, 630 P.2d 791 (Okla. 1981).
¶ 5 Section 311(B)(2)(b) of the Act requires a public body to "identify the items of business and purposes of the executive session." In light of case law and standard rules of construction, we conclude that an agenda item for a meeting of a public body in which personnel matters are to be discussed and for which an executive session is proposed must identify either the position or the individual salaried employee who is the subject of the discussion. The Act does not specify that a person must be identified by name; however, in light of case law, it is evident that identification by name is necessary unless the position held by the person is so unique as to allow adequate identification. In light of Haworth, if the action is a hiring, the agenda item must clearly identify the specific position to be filled.
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
A public body may not keep confidential the purpose of anexecutive session authorized pursuant to the Open Meeting Act at25 O.S. Supp. 1997, § 307(B)(1) in which it discusses theemployment, hiring, appointment, promotion, demotion,disciplining or resignation of an individual salaried publicemployee.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL