Dear President Taylor
¶ 0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following question:
 Does the Oklahoma Open Meeting Act, 25 O.S. 1991 and Supp. 1997, §§ 301-314, require public bodies to post the notice required by the Act in a place which allows the public to view the notice at least twenty-four (24) hours prior to the meeting?
¶ 1 Your question asks about the notice (and agenda) which is required by the Oklahoma Open Meeting Act ("the Act") to be posted prior to a public meeting. Before determining the location where such notice must be posted, this Opinion will first briefly discuss the statutory "notice" provisions found within the Act.
¶ 2 The Act requires public bodies to give "advance public notice" of each meeting. 25 O.S. 1991, § 303[25-303]. This notice must specify the time and place of the meeting "as well as the subject matter or matters to be considered at such meeting." Id.
¶ 3 At least 24 hours prior to a public meeting, the public body must display public notice of said meeting, setting forth thereon the date, time, place and agenda for said meeting. 25O.S. Supp. 1997, § 311[25-311](A)(9).[1]
 Such public notice shall be posted in prominent public view at the principal office of the public body or at the location of said meeting if no office exists.
25 O.S.Supp. 1997, § 311[25-311](A)(9).
¶ 4 Therefore, the Act requires that the notice asked about in your question must be posted in "prominent public view" at least 24 hours before the public meeting.[2] Accordingly, the question is answered by determining whether "prominent public view" is a location that allows the public to view the notice for the full 24 hours prior to the meeting. In order to make such determination, the legislative policy for the Act must be examined.
 POLICY OF THE OKLAHOMA OPEN MEETING ACT It is the public policy of the State of Oklahoma to encourage and facilitate an informed citizenry's understanding of the governmental processes and governmental problems.
25 O.S. 1991, § 302[25-302].
¶ 5 Statutes are to be construed with reason to accomplish the Legislature's purpose, as opposed to construing them in a manner to encourage the evil against which such statutes are directed.Bell v. United Farm Agency, 296 P.2d 149, 150 (Okla. 1956). "The Open Meeting Law, because it is enacted for the public's benefit, is to be construed liberally in favor of the public."International Association of Firefighters v. Thorpe,632 P.2d 408, 411 (Okla. 1981); Matter of Order Declaring Annexation,Etc., 637 P.2d 1270, 1273 (Okla.Ct.App. 1981); A.G. Opin. 82-114; A.G. Opin. 82-212; A.G. Opin. 92-23; see also Andrews v.Independent School District No. 29, 737 P.2d 929, 931 (Okla. 1987).
¶ 6 Assuring 24 hour access to the notice and agenda promotes an informed citizenry and encourages public interest thereby furthering the policy of the Act. The "twenty-four hour" requirement becomes meaningless if the public has access to the posting for just a few of the 24 hours. Likewise, displaying a notice in a location where it may only be viewed during business hours frustrates the main objective of the Act — facilitating an informed citizenry. Had the Legislature intended the posting to only be visible during work hours they could have provided that it be done "at least one full work day" prior to the meeting rather than 24 hours.
¶ 7 As further support for the 24 hour access requirement, the Act requires "prominent" public view of the notice and agenda. The interpretation of "prominent" public view must be given a construction in consonance with the ordinary meaning of the term.In re Certification of Question of State Law, 560 P.2d 195, 197
(Okla. 1977). "Prominent" is defined as:
 standing out or projection beyond a surface or line . . . readily noticeable: conspicuous,
striking. . . .
Webster's Third New International Dictionary 1815 (1993) (emphasis added).
¶ 8 When considering the ordinary meaning of the term "prominent," together with the plainly expressed purpose and objective of the Act, it is readily apparent that the notice and agenda must be displayed in a location which is easily accessible and convenient to the public. To allow otherwise opens the door to secretive, manipulative and perhaps deliberate loopholes to an Act which was enacted to prevent such maneuvers.
¶ 9 In light of the Supreme Court's charge that the Act should be construed liberally in favor of the public, public bodies must make every effort to assure the notice and agenda is prominently posted in an accessible location for at least a total of 24 hours prior to its meeting at its principal office, or at the location of the meeting if the public body has no office. In fact, the Open Meeting Act does not prohibit the posting of more than one notice and agenda and such practice should be used in those circumstances where it would facilitate the requirement that the notice be accessible to the public.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 In view of the fact that the Oklahoma Open Meeting Act is to be liberally construed in favor of the public because it was enacted to encourage and facilitate an informed citizenry, the public notice required to be posted in prominent public view by 25 O.S. Supp. 1997, § 311(A)(9) must be conspicuously posted for at least twenty-four (24) hours prior to the meeting in a location at its principal office (or the location of the meeting if no office exists) which is easily accessible and convenient to the public at any time during that period.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 GRETCHEN ZUMWALT ASSISTANT ATTORNEY GENERAL
[1] For a special meeting, the public body is also required to display public notice of the date, time, place and agenda of the meeting at least twenty-four (24) hours prior to the special meeting. This notice is also required to be posted in "prominent public view." 25 O.S. Supp. 1997, § 311[25-311](A)(11).
[2] Twenty-four (24) hours excludes Saturdays, Sundays and legal holidays. 25 O.S. Supp. 1997, § 311[25-311](A)(9).