Jerry GRAYBILL, Appellant,

v.

OKLAHOMA STATE BOARD OF EDU-CATION, R. E. Carlton, E. L. Collins, W. L. Findley, Harry Shackleford and Leslie Fisher, as members of the Oklahoma State Board of Education, Appellees,

Board of Education, Taloga Independent School District, Intervenors.

No. 51361.

Supreme Court of Oklahoma.

Sept. 26, 1978.

As Modified on Denial of Rehearing Nov. 13, 1978.

Lana Jeanne Tyree, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., by R. Thomas Lay, Asst. Atty. Gen., Oklahoma City, for appellees.

Shirley L. Collier, Taloga, for intervenor.

IRWIN, Justice.

Appellant, Jerry Graybill, appeals the order of the District Court affirming and sustaining the order of the State Board of Education (appellee) which affirms the decision of the Taloga Board of Education not to renew the appellant's teaching contract for the school year 1975–1976. The proceedings which have preceded the instant appeal are basically as follows.

Appellant, a tenured teacher, had been employed as a teacher by the Intervenor, Talgoa Board of Education, for six years. On or about the 8th day of April, 1975, the Taloga Board of Education voted unanimously not to renew the appellant's contract for the 1975–1976 school year.

Appellant was notified of the intervenor's decision and thereafter requested a reconsideration hearing of the local board's action. The reconsideration hearing was held, and the local board again voted not to renew appellant's contract. At the reconsideration hearing appellant was present, and evidence was given. At the close of the evidence, the board retired into executive session. The Board then returned to the open meeting and one member stood up and announced that the vote was 5–0 in favor of non-renewal. The five board members were present in the room when the vote was announced.

Appellant exhausted his administrative review procedures appealing initially to the Professional Practices Commission, then to the Oklahoma State Board of Education, and finally to the District Court of Oklahoma County. At each level the ruling and decision of the Taloga Board was sustained. The District Court of Oklahoma County found sufficient evidence existed to support the findings of the State Board of Education. In a memorandum of its decision, the district court also found that appellant had no right to a reconsideration hearing, but that one did in fact take place and it was subject to the mandates of the Open Meeting Laws. It also found that the votes of the board members were cast and recorded in public, satisfying the requirements of the Open Meeting Law.

■ Appellant contends the trial court erred in finding that there is no provision requiring a reconsideration of the Board's decision to not renew. Even if we assume arguendo that the trial court's finding may have been erroneous,[1] appellant was not prejudiced in any way since the trial court went on to find that a reconsideration hearing was held, and was subject to the Open Meeting Law.

■ Appellant next argues that the non-renewal was invalid as a matter of law since the requirements of the then existing Open Meeting Law 25 O.S.1971, § 201[2], were not satisfied. Section 201, in so far as pertinent here, provides:

"All meetings of the * * * boards of public and higher education in the State of Oklahoma * * * must be public meetings, and in all such meetings the vote of each member must be publicly cast and recorded.

Executive sessions will be permitted only for the purpose of discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any public officer or employee; provided, however, that any vote or action thereon must be taken in public meeting with the vote of each member publicly cast and recorded.

Any action taken in violation of the above provisions shall be invalid."

 * * * * * *

Appellant reasons that the vote at the reconsideration hearing was cast in executive session, and hence the action to non-renew appellant's contract was invalid. There is no question the board's retiring into executive session to discuss the retention of appellant was proper.

The determining issue is reduced to the simple question: did the public announcement that the vote was 5–0 in favor of non-renewal satisfy the requirement that "the vote of each member be publicly cast"?

1. 70 O.S.1971, § 6–122 (since repealed) provided:

"The failure to renew a contract by the board of education of any teacher who has completed three (3) years shall not be effective, and such contract shall be renewed unless there is served on such teacher a written statement by such board containing a statement of causes for such action, which must include one of the following: Immorality, wilful neglect of duty, cruelty, incompetency, teaching disloyalty to the American Constitutional system of government, or any reason involving moral turpitude. Such teacher shall be afforded an opportunity to appear before such board and confront his or her accusers, having the right to cross-examine and offer any evidence to refute the statements and a reconsideration of the action theretofore made by the board.
* * *" (emphasis added)

2. Repealed by 1977 Session Laws, Ch. 214, § 15, effective October 15, 1977. Oklahoma's current Open Meeting Law can be found at 25 O.S.1977 Supp., § 301 et seq.

In a memorandum of its decision, the trial court found that the Open Meeting Law was not violated when one member of the board announced the vote was 5–0. We agree.

 As stated by the trial court, "The purpose of the Open Meeting Law with respect to school boards is to require each member to stand up and be counted so the public may know how he voted on the issue". The situation before us in the present action is different from a board meeting where the vote is announced as being 3–2. In the case at bar the school board members returned from executive session and one member stood up and announced the vote was 5–0 in favor of non-renewal. All board members were present when the announcement was made. Anyone present at the meeting had no doubt as to how each board member voted. The vote was recorded 5–0 in favor of non-renewal. Anyone checking the minutes of the meeting could determine how each of the five members of the board voted, i. e., each member voted for non-renewal.

Appellant cites *Oldham v. Drummond Board of Education*, Okl., 542 P.2d 1309 (1975). In *Drummond*, the issue was whether the school board complied with the requirement that the vote of each member be recorded. There, at the board meeting, a motion was made to not renew the teachers' contract. A vote was taken by a show of hands, and the minutes of the meeting merely showed the motion had carried. No record was made as to how each individual member voted. We held the provision requiring the vote of each member to be recorded had been violated. In the present case the vote was recorded.

The announcement that the vote was 5–0 and the recording thereof, with all the board members present, satisfies the requirement that the vote of each member be publicly cast.

The decision of the trial court is affirmed.

SIMMS and DOOLIN, JJ., dissent.

LAVENDER, V. C. J., and WILLIAMS, BERRY and BARNES, JJ., concur.