**HAWORTH BOARD OF EDUCATION OF INDEPENDENT SCHOOL DISTRICT NO. I–6, McCURTAIN COUNTY, Oklahoma, Appellant,**

v.

**Floyd HAVENS, Appellee.**

**No. 53154.**

Court of Appeals of Oklahoma, Division No. 2.

Aug. 11, 1981.

Rehearing Denied Sept. 4, 1981.

As Corrected Oct. 14, 1981.

Certiorari Denied Oct. 26, 1981.

Released for Publication by Order of Court of Appeals Oct. 30, 1981.

Jim McClendon, McClendon & McClendon, Broken Bow, for appellant.

James D. Wadley, Stipe, Gossett, Stipe, Harper & Estes, McAlister, for appellee.

BOYDSTON, Judge.

The Haworth Board of Education filed suit against Floyd Havens to challenge the validity of his employment contract approved during a special school board meeting. Havens was hired as superintendent by the immediate past board.

School Board alleges the contract was void for failure of School Board to comply with the provisions of the Open Meeting Act. 25 O.S.1977 Supp. §§ 301–314. Havens claims School Board complied with the Act but alleges if any irregularity occurred it is insufficient to void the contract.

The trial court found the contract to be valid. School Board's motion for new trial was overruled and it now appeals, alleging, among other things, the notice was inadequate, misleading, inaccurate and fatally defective. We agree and reverse the decision rendered below.

Title 25 O.S.1977 Supp. § 311(11) provides in pertinent part:

In addition, all public bodies shall, at least twenty-four (24) hours prior to such special meetings, display public notice of said meeting, setting forth thereon the date, time, place and *agenda for said meeting. Only matters appearing on the posted agenda may be considered at said special meeting.* Such public notice shall be posted in prominent public view at the principal office of the public body or at the location of said meeting if no office exists. (emphasis added)

Section 313 provides:

Any action taken in willful violation of this act shall be invalid.

School Board prepared two public notices. The first notice was filed with the county clerk and contained the following agenda:

To discuss appointment of board member. *Discussion of hiring* administrator. Hiring principal. (emphasis supplied)

The second notice, posted at the elementary school, stated the purpose of the meeting was to:

1. Appoint new board member.
2. *Interview* a new administrator.
3. Hire principals. (emphasis supplied)

When construing the statute which requires advance posting of agendas by public bodies, it is the court's duty to ascertain the legislative intent of the act as a whole in light of its general purpose and object. *Graybill v. Oklahoma State Board of Education*, Okl., 585 P.2d 1358 (1978).

The legislative policy, as expressed in the Act, is "[t]o encourage and facilitate an informed citizenry's understanding of the governmental processes and governmental problems." 25 O.S.1977 Supp. § 302. That policy is defeated if the required notice is deceptively worded or materially obscures the stated purpose of the meeting.

One purpose of Open Meeting Acts is discussed at 49 O.B.A.J. 1515 (1978), quoting from *Board of Public Instruction v. Doran*, Fla., 224 So.2d 693 (1969). In that opinion the Florida Supreme Court stated:

One purpose . . . was to maintain the faith of the public in government agencies. Regardless of their good intentions, the specific boards and commissions, *through devious ways*, should not be allowed to deprive the public of its inalienable right to be present and heard at all deliberations wherein decisions affecting the public are being made. (emphasis supplied)

We construe the statute to require agendas be worded in plain language, directly stating the purpose of the meeting, in order to give the public actual notice. The language used should be simple, direct and comprehensible to a person of ordinary education and intelligence.

A plain reading of the agendas shows School Board's action materially exceeded its announced purpose and intention. We note in this case School Board had all the appearance of being a "lame duck" board trying to arbitrarily impose its will over a newly elected board. In any event,

we hold the defective notice is a willful violation of the Act and therefore the contract is invalid. In this regard, we define the term "willful" to include any act or omission which has the effect of actually deceiving or misleading the public regarding the scope of matters to be taken up at the meeting. This also includes agency action which exceeds the scope of action defined by the notice.

In this case, the agendas specifically limited the business of the meeting to (1) hiring of principals and (2) *interviewing* and *discussing the hiring* of an administrator. Use of the terms "interviewing" and "discussing the hiring" of an administrator in juxtaposition with "hiring" of principals is misleading. It creates more than an inference that the two agenda items are distinct, the latter being limited to "discussion" and "interview."

The posted agendas further camouflaged the action taken by referring vaguely to the position in question as that of "administrator." To the public, this term generally defines several jobs but fails to direct attention to the specific position of "superintendent."

In this case School Board's actions were limited by its own notice to "discussion" and "interviews." If, after interviewing Mr. Havens, the School Board decided to hire him, this could only have been done by School Board calling a separate meeting with proper notice being given to the public of its intention to take that action.

We hold the notice in this case is deceptively vague and ambiguous. It is likely to mislead the average reader and is a "willful violation" of the Act which nullifies the action taken. We therefore reverse and remand to trial court with directions to enter judgment consistent with the views expressed herein.

BACON, P. J., and BRIGHTMIRE, J., concur.