Dear Representative Maddux,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Does an agenda of a public body which lists as an agenda item"visitors' comments" or "public comments" comply with theOklahoma Open Meeting Act, 25 O.S. 2001, §§ 301-314[25-301-314]?
 I. Introduction
¶ 1 The Oklahoma Open Meeting Act, 25 O.S. 2001, §§ 301-314[25-301-314], ("Act") requires that all meetings of public bodies "shall be held at specified times and places which are convenient to the public and shall be open to the public." Id. § 303. The Act broadly defines "meeting" as "the conduct[ing] of business of a public body by a majority of its members being personally together." Id. § 304(2). "Business" is not defined in the Act, but we noted in A.G. Opin. 82-212 that the term "business" should be given a construction in accordance with the purposes of the Act and defined "business" as "includ[ing] the entire decision-making process including deliberation, decision or formal action." Id. at 354.
¶ 2 The Act requires advance notice of the subject matters to be considered at public meetings, providing at 25 O.S. 2001, § 303[25-303], that "[a]ll meetings . . . shall be preceded by advance public notice specifying the time and place of each such meeting to be convened as well as the subject matter or matters to be considered at such meeting." Id. The Act also requires the posting of an agenda to be considered by the public body at its open meeting. This agenda "shall identify all items of business to be transacted by a public body at a meeting." Id. § 311(B)(1).
¶ 3 You ask whether an item on the agenda of a public body which reads "visitors' comments" or "public comments" complies with the Oklahoma Open Meeting Act. The gist of your question is whether the use of terms such as "visitors' comments" and "public comments" is sufficient to meet the notice requirements of the Act.
 II. The General Public Does Not Have A Right To Express Views On Issues Being Heard By Public Bodies At Public Meetings.
¶ 4 Before addressing your question it is important to recognize that public bodies are not required to provide an opportunity for citizens to express their views on issues being considered by a public body. We concluded in A.G. Opin. 98-45 that neither the Act nor the First Amendment to the United States Constitution grants members of the general public a right to be heard by public bodies making public policy decisions. Id. at 913-14. A review of the Act itself shows there is no provision guaranteeing citizens a right to participate in the governmental decisions being made at an open meeting. The recognition that the United States Constitution does not grant such a right is based on the United States Supreme Court's holding in Minnesota Boardfor Community Colleges v. Knight, 465 U.S. 271, 284 (1984) where the Court stated:
 Policymaking organs in our system of government have never operated under a constitutional constraint requiring them to afford every interested member of the public an opportunity to present testimony before any policy is adopted. . . . Public officials at all levels of government daily make policy decisions based only on the advice they decide they need and choose to hear. To recognize a constitutional right to participate directly in government policy-making would work a revolution in existing government practices.
Id. (emphasis added).
¶ 5 If a public body provides a forum for public comment, however, that body must comply with constitutional provisions. The United States Supreme Court recognized in Perry EducationAssociation v. Perry Local Educators' Association, 460 U.S. 37,45 (1983) that the Constitution forbids a state "to enforce certain exclusions from a forum generally open to the public even if it was not required to create the forum in the first place." Thus, "[r]easonable time, place, and manner regulations are permissible." Any "content-based prohibition must be narrowly drawn to effectuate a compelling state interest." Id. at 46.
 III. The Use Of The Terms "Visitors' Comments" Or "Public Comments" In Agendas Of Public Bodies Provides Sufficient Notice Under The Oklahoma Open Meeting Act That Public Comment Will Be Allowed At The Meeting.
¶ 6 While public bodies are not required to allow an opportunity for the public to speak at open meetings, it is common for public bodies to voluntarily provide a forum for members of the public to make comments at public meetings. Some public bodies permit citizens to speak as long as they desire; others limit the amount of time allocated to each speaker. Some public bodies limit public comment to the subject matter of items on the agenda, while others allow open comment. It is in light of these practices that we address your inquiry.
¶ 7 You ask whether an agenda of a public body may include, as an agenda item, such terms as "visitors' comments" or "public comments." The stated purpose of the Act is "to encourage and facilitate an informed citizenry's understanding of the governmental processes and governmental problems." 25 O.S. 2001, § 302[25-302]. The Act was enacted for the benefit of the public and must be construed liberally in favor of the public. Int'l Ass'n ofFirefighters, Local 2479 v. Thorpe, 632 P.2d 408, 411 (Okla. 1981). Thus, the Act must be given a construction which will effectuate the intention of the Legislature in facilitating an informed citizenry's right to understanding of government, yet maintaining a process where a public body does not take action on matters for which there has been no specific notice.
¶ 8 To accomplish the purposes for which it was enacted the Act sets forth the requirements for advance notice in two separate statutory provisions. At 25 O.S. 2001, § 303[25-303] the Act requires that all meeting of public bodies "shall be preceded by advance public notice specifying the time and place of each such meeting to be convened as well as the subject matter or matters to be considered." The Act also specifically states that all agendas required pursuant to the Act "shall identify all items of business to be transacted by a public body at a meeting." Id. § 311(B)(1).
¶ 9 A public body generally knows in advance the subject matter of business to come before the body, and is able to decide in advance the particular matter or matters to be considered. In such instances, there is no difficulty in providing notice through the posting of an agenda setting forth the subject matter of items to be considered by the body. The nature of public comment, however, is such that a public body generally has no way of knowing what the subject matter of citizens' concerns may be. This poses difficulty in predicting the subject matters of citizens' concerns and typically prevents the preparation of an agenda setting forth the particular subject matters of the comments.
¶ 10 If a public body chooses to allow for public comment at its meetings, it may limit such comment to items on the agenda. In that situation, the Act would require that the agenda provide that public comment is limited to items on the agenda. If no limits are placed on the subject matter of public comment, an agenda item stating "visitors' comments" or "public comments" is sufficient to fulfill the purpose of notifying the public that members of the public will be allowed to comment. We therefore conclude that the terms "visitors' comments" or "public comments" provide sufficient notice to fulfill the purpose of the Oklahoma Open Meeting Act.[1]
 V. Conclusion
¶ 11 The purpose of the Act is "to encourage and facilitate an informed citizenry's understanding of the governmental processes and governmental problems." 25 O.S. 2001, § 302[25-302]. A public body is not required to allow for citizen participation in public meetings, but may voluntarily choose to do so. If a public body chooses to allow for comments by the public, it may limit the comment to items on the agenda and specifically state on the agenda that comment is limited to particular agenda items. A public body may also allow for open public comment. In such situations, the use of terms such as "visitors' comments" or "public comments" in public meeting agendas does not violate the notice provision of the Open Meeting Act.
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A public body is not required under either the OklahomaOpen Meeting Act, 25 O.S. 2001, § 311[25-311](B)(1), or theFirst Amendment to the United States Constitution to provide anopportunity for citizens to express their view on issues beingconsidered by a public body, but a public body may voluntarilychoose to allow for such comments.
 2. A public body which voluntarily chooses to allow for publiccomment may limit comment to items on the agenda and provide onthe agenda that comments are limited. A public body may alsoallow for open comment.
 3. Pursuant to 25 O.S. 2001, § 311[25-311](B)(1), an agenda of apublic body, which lists as an agenda item general terms such as"visitors' comments" or "public comments," is sufficient to meetthe notice requirement of the Oklahoma Open Meeting Act, becauseit advises that members of the public will be allowed anopportunity to comment.
W.A. DREW EDMONDSON Attorney General of Oklahoma
SANDRA D. HOWARD Senior Assistant Attorney General
[1] We recognize the possibility that the use of terms such as "visitors' comments" or "public comments" in agendas may create a danger that a public body could conceal the true nature of the meeting. Agendas "which are deceptively vague and likely to mislead constitute a wilful violation" of the Act. Rogers v.Excise Bd., 701 P.2d 754, 761 (Okla. 1984). The Act states that "[a]ny action taken in willful violation of this act shall be invalid." 25 O.S. 2001, § 313[25-313] (footnote omitted). "[W]illful" is defined "to include any act or omission which has the effect of actually deceiving or misleading the public regarding the scope of matters to be taken up at the meeting. This also includes agency action which exceeds the scope of action defined by the notice." Haworth Bd. of Educ. v. Havens, 637 P.2d 902, 904
(Okla.Ct.App. 1981). Whether a particular agenda item has the effect of deceiving or misleading the public is a question of fact outside the realm of an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).