2008 OK CIV APP 84

**Greg S. WILSON, Don Holland and Trace Brown, Plaintiffs,**

v.

**CITY OF TECUMSEH, Defendant,**

and

**City of Tecumseh and The Tecumseh Utility Authority, Third–Party Plaintiffs/Appellees,**

v.

**David D. Johnson, Third–Party Defendant/Appellant.**

**No. 105,610.**

Court of Civil Appeals of Oklahoma, Division No. 1.

May 16, 2008.

Certiorari Denied Sept. 15, 2008.

(emphasis added).

Appeal from the District Court of Pottawatomie County, Oklahoma; Honorable Douglas L. Combs, Trial Judge.

Matthew John Love, Margaret McMorrow Love, Oklahoma City, OK, for Third–Party Plaintiffs/Appellees.

Eric J. Groves, Oklahoma City, OK, for Third–Party Defendant/Appellant.

CAROL M. HANSEN, Judge.

¶ 1 Third-party Defendant, David D. Johnson [Defendant], was employed as City Manager of the City of Tecumseh [City] and Manager of the Tecumseh Utility Authority [Authority].[1] On November 9, 2006, following municipal elections resulting in a turnover of three city council seats as of January 2007, Defendant submitted a written notice of resignation effective December 8, 2006.

¶ 2 Prior to December 4, 2006, the next regularly scheduled meetings of City and Authority, the City Clerk prepared a draft of the agendas for those meetings, and Defendant reviewed and approved those agendas.[2]

¶ 3 Less than a week before the December 4th meetings, Defendant spoke with the outgoing mayor [Greg S. Wilson], an outgoing council member [Don Holland], and one holdover council member [Trace Brown] regarding his intent to ask City and Authority for a "bonus" of $30,000.00 at that next meeting.

¶ 4 Item 18 on the City's agenda provided:

"Consideration of an executive session to discuss the employment, hiring, resignation of David Johnson, City Manager (25 O.S.2001 § 307(B)(1))."

Item 21 on the City Council agenda provided:

"Consideration of action related to executive session."

Item 22 on the agenda provided:

"Consideration of resignation from City Manager, David Johnson, effective December 8, 2006."

Item 37 on the Authority's agenda provided:

"Consideration of an executive session to discuss the employment, hiring, resignation of David Johnson, Manager of Tecumseh Utility Authority (25 O.S.2001 § 307(B)(1))."

Item 40 on the Authority agenda provided:

"Consideration of action relating to executive session."

Following an executive session of the City Council, a motion was passed to authorize the $30,000.00 payment. At Authority's meeting, no such motion was passed by Authority.[3]

1. The City Council is composed of a mayor and four council members who also serve as trustees of the authority.

2. Agendas for the City and Authority meetings are prepared and posted prior to the meetings. During Defendant's tenure, the practice was for the City Manager, his Administrative Assistant and the City Clerk to meet the week before the scheduled meetings to discuss items to be placed on the agendas. The City Clerk would prepare a draft of the agendas and submit them to the City Manager for his review and approval. Once the City Manager had approved the agendas, with any changes, they would be sent to the City Attorney for his review and approval.

3. Throughout his employment, Defendant's salary had been paid 50% from the funds of the City and 50% from funds of the Authority. Despite

¶ 5 In March 2007, twelve taxpayers served written demands on City requesting that appropriate action be taken against Defendant. They threatened a treble damages *qui tam* lawsuit against former mayor, Greg Wilson, council members Dan Holland, Trace Brown, and others should City not pursue an action against Defendant to recover the $30,000.00 payment. They asserted Defendant and others violated the Open Meetings Act [Act] by posting a legally insufficient agenda for the December 4th meeting.

¶ 6 Plaintiffs Wilson, Holland, and Brown filed the present declaratory judgment action against City to determine the payment was not invalid under the Act.[4] As Third–Party Plaintiffs, City and Authority sued Defendant Johnson seeking a declaratory judgment the payment was unlawful. Defendant filed a counterclaim against City and Authority challenging various actions taken by City at ten different City Council meetings, as well as the use of "consent agendas" by both City and Authority. The counterclaim involved issues arising from the notice requirements of the Act.

¶ 7 City and Authority filed a motion for summary judgment against Defendant on their claims and Defendant's counterclaim. The trial court sustained their motion, finding, among other things, the payment to Defendant of a $15,000.00 bonus from City account and a $15,000.00 from Authority account was a violation of 25 O.S.2001 § 303 and was null and void. The trial court further determined that at the December 4th meeting, Authority did not vote, as required

by law, to approve the payment of $15,000.00 of the $30,000.00 bonus, and that there was no official action to ratify, with notice to the public. Thus, for that additional reason, Authority's action in payment of the $15,000.00 was null and void. Regarding Defendant's counterclaim, the trial court determined the ten agenda items from the various city council meetings challenged by Defendant did not violate § 303 and sufficiently advised the public of topics to be discussed and action taken. Defendant appeals.

■ ¶ 8 Defendant argues the trial court erred as a matter of law in concluding the posted agenda for the December 4th meeting of the City Council failed to comply with 25 O.S.2001 § 303.[5] The trial court concluded both the December 4th City and Authority agendas did not give the public sufficient advance notice that a payment of a bonus to Defendant was going to be considered.

¶ 9 Specifically, Defendant asserts the trial court erred in concluding provisions in the agenda calling for a discussion of "employment, hiring, resignation" did not sufficiently advise the public that City would consider a bonus equal to 6 months salary for Defendant, pursuant to the terms of his employment agreement as City Manager.[6] Defendant submits the Act does not require language other than the words set forth in § 307(B)(1).[7] Matters of compensation, such as a bonus, are subsumed by the broader statutory term—"employment."

the fact the Authority had never voted to pay a bonus, $15,000.00 of the $30,000.00 bonus payment was paid out of Authority funds.

4. The taxpayers filed an application to intervene, but then withdrew their application to intervene. Plaintiffs Wilson, Holland and Brown have since dismissed their case against City.

5. Section 303 provides:
"All meetings of public bodies ... shall be held at specified times and places which are convenient to the public and shall be open to the public, except as hereinafter specifically provided. All meetings of such public bodies, ... shall be preceded by advance public notice specifying the time and place of each such meeting to be convened as well as the subject matter or matters to be considered at such

meeting...." No dispute exists as to the application of the Act to City's and Authority's meetings.

6. Defendant's Employment Agreement stated:
"It is agreed that the aforesaid sums may be adjusted upward during the term of this Agreement pursuant to action by the City Council to reward the City Manager for good services rendered based upon merit."

7. Section 307(B)(1) provides:
B. Executive sessions of public bodies will be permitted only for the purpose of:
1. "Discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any individual salaried public officer or employee;...."

¶ 10 The Act is designed to "encourage and facilitate an informed citizenry's understanding of the governmental processes and governmental problems." 25 O.S.2001 § 302. Because the Act was enacted for the public's benefit, it is to be construed liberally in favor of the public. *I.A.F.F. Local 2479 v. Thorpe*, 1981 OK 95, 632 P.2d 408. The Act serves to inform the citizenry of the governmental problems and processes by informing them of the business the government will be conducting. Advance notice to the public, via agendas, must "be worded in plain language, directly stating the purpose of the meeting ... [and] the language used should be simple, direct and comprehensible to a person of ordinary education and intelligence." *Andrews v. Independent School District No. 29 of Cleveland County*, 1987 OK 40, 737 P.2d 929.

¶ 11 Item 18 of the City agenda and item 37 of Authority agenda called for consideration of employment, hiring, and resignation of Defendant, and item 22 of City agenda called for the resignation of Defendant. Although Defendant argues "employment" is sufficient to notify the public City and Authority was considering action to provide a bonus to Defendant, the language in the agendas is not sufficient, pursuant to §§ 302 and 303, to inform a person of ordinary education and intelligence the City or the Authority was considering an action to provide Defendant with a $30,000.00 bonus. The agenda did not directly state the purpose of the meeting. *Andrews, supra.* Thus, the trial court did not err in concluding, as a matter of law, the December 4th meetings of City and Authority failed to notify the public the bonus provision of the employment contract between City, Authority, and Defendant was going to be considered. The trial court did not err in finding the Act was violated.

¶ 12 While Defendant concedes any action taken in willful violation of the Act shall be invalid [25 O.S.2001 § 313], he urges the issue of willfulness is a question of fact to be determined by a jury, and the trial court

erred in nullifying the payment of the bonus on the basis the violation of the Act was willful.[8] Summary judgment should be sustained if the summary judgment submissions do not disclose controverted facts or reasonable minds could not differ even if the material facts are undisputed. *See Head v. McCracken*, 2004 OK 84, 102 P.3d 670.

¶ 13 For purposes of the Act, willfulness does not require a showing of bad faith, malice, or wantonness, but, rather, encompasses conscious, purposeful violations of law or blatant or deliberate disregard of law by those who know, or should know requirements of the Act; notices of meetings of public bodies which are deceptively vague and likely to mislead constitute willful violations. *Rogers v. Excise Board of Greer County*, 1984 OK 95, 701 P.2d 754.[9]

¶ 14 In *Matter of Order Declaring Annexation Dated June 28, 1978, Issued by Gene Frazier*, 1981 OK CIV APP 57, 637 P.2d 1270, the Court of Appeals stated:

... to weight down the term 'willful' with the heavy synonyms appellees propose would not further the Act's praiseworthy purpose. If willful is narrowly interpreted, if actions taken in violation of the Act could not be set aside unless done in bad faith, maliciously, obstinately, with a premeditated evil design and intent to do wrong, then the public would be left helpless to enforce the Act most of the time and public bodies could go merrily along, in good faith, ignoring the Act.

In that case, the Court concluded the Act's violations were willful. "While we discern no bad faith, malice, or wantonness, and while the officials may not have consciously broken the law, we are well-convinced that they knew or should have known the Act's requirements and blatantly or deliberately disregarded the law."

¶ 15 Defendant stated in his affidavit he did not intend to camouflage items to be considered in the agenda. He also stated

8. Title 25 O.S.2001 section 313 provides: "Any action taken in willful violation of this act shall be invalid."

9. In that case, the failure of the county excise board to specify the time and place of its meeting as well as its failure to hold its meeting at a place convenient and accessible to the public constituted willful violation of the Act.

that prior to the December 4th meetings, he handed the city attorney a copy of his employment contract "so that he might review the paragraph which allowed an upward adjustment in compensation based on merit. After reviewing the Employment Contract, [the city attorney] advised me in words to this effect, 'You can do it!' under the Employment Contract and under the agenda as posted."[10]

¶16 In *Haworth Board of Education of Independent School District No. I-6, McCurtain County v. Havens,* 1981 OK CIV APP 56, 637 P.2d 902, the Court of Civil Appeals quoted from *Board of Public Instruction v. Doran,* 224 So.2d 693 (Fla.1969), wherein the Florida Supreme Court stated:

One purpose [of the Act] was to maintain the faith of the public in government agencies. Regardless of their good intentions, the specific boards and commissions, through devious ways, should not be allowed to deprive the public of its inalienable right to be present and heard at all deliberations wherein decisions affecting the public are being made.

¶17 Regardless of his intentions, when Defendant spoke with the mayor and the two council members, after the November elections and before the December 4th meetings, he was specific about his desire to request a bonus under the terms of his employment contract; but the specificity of those prior conversations was not mirrored in the agendas providing notice to the public of the items to be discussed. A failure to specify the subject matter of the notice [agenda] to the public constitutes a willful violation of the Act. *Rogers, supra.*

¶18 The trial court found Defendant and a majority of the then city council knew in advance of the meeting a bonus would be considered but took no action to notify the public of the same. On the basis of the foregoing undisputed facts, reasonable minds could not differ the agendas were deceptively vague and likely to mislead. Thus, the trial court did not err in determining those agendas were deceptively vague and likely to mislead; they were willful violations of the Act. Pursuant to § 313, the trial court did not err in determining the payment to Defendant of a $15,000.00 bonus from the City account and a $15,000.00 bonus from the Authority account was null and void.

¶19 Nevertheless, Defendant also complains the trial court erred by weighing the evidence and by deciding a disputed material fact when, implicitly, it found City and Authority did not later vote to pay $30,000.00 to him in January 2007, despite his testimony in his affidavit. In his affidavit, Defendant testified that in January 2007, both City and Authority ". . . voted to approve all claims and payrolls, including the payment to me of $30,000.00 as a reward or bonus, under the Consent Agenda."

¶20 However, there is no evidence Defendant had personal knowledge or any proof otherwise that City and Authority voted in January 2007, to approve payment to him of $30,000.00 bonus. In fact, in her deposition, the city clerk testified that each month City and Authority vote only on the estimated payroll for that month. Evidence indicates the only payroll claims voted on in the January meeting were the estimated claims for that month, not the payments actually made in December 2006. In the January meeting, the payroll claims sheets showing the two $15,000.00 payments already made to Defendant were given to City and Authority for informational purposes, not for a vote.[11]

¶21 Even, assuming arguendo, City and Authority had voted in January 2007, to approve payment to Defendant of $30,000.00 as a bonus, the trial court found there was "no official action to ratify with notice to the public, the Authority's action in the payment of $15,000.00 . . ." In *Matter of Order Declaring Annexation, Etc., supra.,* the trial court denied a petition for nullification of a school

---

10. In one of his propositions of error, Defendant claims the trial court erred by ignoring his defense that he acted on the advice of the city attorney. This argument is based on hearsay. Defendant did not attach to his Response an affidavit by the city attorney.

11. Because there is no evidence that in its December 4th meeting Authority even voted to approve its $15,000.00 portion of the $30,000.00 bonus payment to Defendant, its $15,000.00 payment is null and void.

annexation order on the ground the school board and superintendent violated the Act.[12] The Court of Civil Appeals reversed and remanded, holding the election did not rectify the harm to the public because the harm did not lie in the annexation itself. The harm lay in the lack of proper notice and agenda which are crucial to the Act. The election did not "cure" the Act's violations. Likewise, in the present case, whether there was a January 2007, vote to approve the bonus to Defendant is irrelevant. Even if the vote occurred, it did not cure the notice violations in the Act.

¶ 22 Next, Defendant submits the trial court erred by ignoring his defense of equitable estoppel. However, the record indicates Defendant argued only that he was "mislead to his prejudice by the acts of another." He never established the legal elements of the defense, much less the facts necessary to support such elements.

¶ 23 Also, Defendant asserts § 303 is unconstitutional as applied. However because he failed to raise this argument below, we cannot address it on appeal. *Bane v. Anderson, Bryant & Co.*, 1989 OK 140, 786 P.2d 1230.

12. In that case, a school board passed an annexation resolution and the county superintendent called for submission of the resolution to a vote of the district electorate. The resolution was voted on and approved. The plaintiffs argued the annexation order should be nullified because notice did not meet the agenda requirements in the Act. The defendants argued the annexation should be allowed to stand because a majority of electors voted for it.

13. In the Order Granting Plaintiffs' Motion for Summary Judgment, the trial court determined,

¶ 24 Regarding his counterclaim against City and Authority, Defendant contends the trial court erred in granting summary judgment against him and in favor of City. In his counterclaim, he challenged the sufficiency of ten specific agenda items from various city council agendas. He argues his counterclaim presented disputed issued of material fact similar to those presented by City's claims.[13] In his Response to City and Authority's motion for summary judgment, Defendant argued only that "[i]f the ten challenged agendas are proper, so is the agenda for December 4, 2006." Defendant does not specify any disputed issues of fact for this Court to review.

¶ 25 For all of the above reasons, Plaintiffs' motion for summary judgment is AFFIRMED.

ADAMS, P.J., and JOPLIN, J., concur.

"... the Court is of the opinion that Summary Judgment in favor of the City and Authority is appropriate on Johnson's Counterclaims. Nine of the ten items challenged are challenged on the basis the individual agenda item did not specify the amount of compensation or sums to be paid. Johnson and City each agree as to the material facts on this issue."