2013 OK CIV APP 72

Joel RABIN and Sharon Hurst,
Plaintiffs/Appellants,

v.

BARTLESVILLE REDEVELOPMENT TRUST AUTHORITY ("BRTA"), a public trust; Walter Allison, in his official capacity as Trustee of the BRTA; Jon Baccus, in his official capacity as Trustee of the BRTA; Randy Bluhm, in his official capacity as Trustee of the BRTA; Sherry Musselman Cox, in her official capacity as Trustee of the BRTA; Tom Gorman, in his official capacity as Trustee of the BRTA; David Oakley, Jr., in his official capacity as Trustee of the BRTA; and Donna Skelly, in her official capacity as Trustee of the BRTA, Defendants/Appellees.

No. 110310.

Court of Civil Appeals of Oklahoma,
Division No. 4.

June 27, 2013.

J. Schaad Titus, J. Miles McFadden, Titus Hillis Reynolds Love Dickman & McCalmon, P.C., Tulsa, Oklahoma, for Plaintiffs/Appellants, Joel Rabin and Sharon Hurst.

Thomas J. Brown, Brewer, Worten, Robinett, Bartlesville, Oklahoma, and David E. McMahan, McMahan & Vernon, P.C., Altus, Oklahoma, for Defendants/Appellees.

JERRY L. GOODMAN, Judge.

¶ 1 Joel Rabin and Sharon Hurst (Rabin–Hurst) appeal the trial court's order of November 4, 2011, dismissing their action against the Bartlesville Redevelopment Trust Authority and its trustees (collectively BRTA) for an alleged violation of the Oklahoma Open Meeting Act, 25 O.S.2011, §§ 301 through 314 (OOMA). The appeal was originally assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36(a)(1), 12 O.S.2011, Ch. 15, App. 1. This Court ordered briefs pursuant to Rule 1.36(g).

¶ 2 Two issues are presented: 1) whether Rabin–Hurst have standing to pursue the OOMA action, and 2) whether the OOMA provides for a private cause of action. Based upon our review of the facts and applicable law, we answer both questions in the affirmative and in doing so reverse the trial court's order of dismissal and remand for further proceedings.

## FACTS

¶ 3 On August 11, 2010, BRTA held an executive session. Rabin–Hurst are residents of the Bartlesville, Oklahoma, area and filed suit on October 21, 2010, alleging that BRTA improperly entered into executive session at that August meeting and violated the OOMA. Rabin–Hurst requested a declaratory judgment declaring all actions taken at the executive session to be invalid, and further, a mandatory injunction requiring BRTA to provide the public all the minutes and other records from the executive session pursuant to § 307(F)(2) of the OOMA.[1]

¶ 4 On December 8, 2010, BRTA filed a motion to dismiss for failure to state a claim for which relief can be granted pursuant to 12 O.S.2011, § 2012(b)(6). On November 4, 2011, the trial court granted BRTA's motion to dismiss for the reason that Rabin–Hurst lacked standing and further, that the OOMA does not provide for a private right of action for Rabin–Hurst.

¶ 5 The order granting that motion to dismiss is now before us. We will first decide whether Rabin–Hurst have standing to bring an action against BRTA. Following that determination, we will decide whether the OOMA provides for a private right of action. Because the trial court ruled only on those issues we do not address the merits of the

---

1. That subsection states:

 F. A willful violation of the provisions of this section shall:

 1. Subject each member of the public body to criminal sanctions as provided in Section 314 of this title; and

2. Cause the minutes and all other records of the executive session, including tape recordings, to be immediately made public.

action itself, nor any of BRTA's other possible defenses.

## STANDARD OF REVIEW

¶ 6 The standard of review for an order granting a motion to dismiss for failure to state a claim upon which relief can be granted is de novo. *Tuffy's Inc. v. City of Oklahoma City*, 2009 OK 4, ¶ 6, 212 P.3d 1158, 1162. When reviewing a motion to dismiss, the Court must view the facts as true and favorable to the Plaintiff. *Id.* The purpose of a motion to dismiss is to determine the legal sufficiency of the claim, not the underlying facts. *Id.* "A pleading must not be dismissed for failure to state a legally cognizable claim unless the allegations indicate beyond any doubt that the litigant can prove no set of facts which would entitle the plaintiff to relief." *Id.*

## ANALYSIS

¶ 7 As a preliminary matter, neither party disputes BRTA is subject to the OOMA. Although set out in several propositions of error, Rabin–Hurst's appeal centers on two issues: 1) whether Rabin–Hurst have standing to sue; and 2) whether the OOMA implies a private right of action.

## STANDING

■ ¶ 8 We will first address whether Rabin–Hurst have standing. In order to have standing, a party must have a sufficient interest in a justiciable controversy. *Oklahoma Educ. Ass'n v. State ex rel. Oklahoma Legislature*, 2007 OK 30, ¶ 16, 158 P.3d 1058, 1064. If the party does not rely on a statute or constitutional provision to authorize invoking the judicial process, the court must determine whether the party has sufficiently "alleged a personal stake in the outcome of the controversy." *Id.* (citing *Indep. Sch. Dist. No. 9 v. Glass*, 1982 OK 2, ¶ 8, 639 P.2d 1233, 1237.)

**2.** The relevant portion of the OOMA defining when an executive session may be held are: "Executive sessions of public bodies will be only permitted for the purpose of: . . . 4. Confidential communications between a public body and its attorney concerning a pending investigation,

■ ¶ 9 Rabin–Hurst filed suit against BRTA for improperly holding an executive session under the OOMA[2]. OOMA states its purpose as follows: "It is the public policy of the State of Oklahoma to encourage and facilitate an informed citizenry's understanding of the governmental processes and governmental problems." 25 O.S.2011, § 302. The legislature enacted the OOMA for the public's benefit, and "it is to be construed liberally in favor of the public." *Wilson v. City of Tecumseh*, 2008 OK CIV APP 84, ¶ 10, 194 P.3d 140, 144.

■ ¶ 10 Because the OOMA was created for the purpose of governmental transparency by ensuring governmental bodies hold meetings that are open to the public, we find that Rabin–Hurst have standing to bring this action. An executive session, by definition, is closed to the public. Rabin–Hurst have a personal interest, indeed a right, as members of the public and residents of Oklahoma, to attend and know the content of a public meeting. If BRTA improperly held an executive session, the right of Rabin–Hurst has been violated, thus thereby conferring standing to invoke judicial process to enforce that right.

### Private Right of Action Under the OOMA

¶ 11 As previously mentioned, the second issue is whether the OOMA provides for a private right of action. The trial court invoked the analysis set forth in *Holbert v. Echeverria*, 1987 OK 99, 744 P.2d 960, to find that the OOMA does not create a private right of action. We find the trial court misread *Holbert* and erred.

¶ 12 The *Holbert* court provides a three-part test to determine whether a statute implies a private right of action:

(1) the plaintiff is one of the class for whose especial benefit the statute was enacted; (2) some indication of legislative intent, explicit or implicit, suggests that [the legislature] wanted to create a private

claim, or action if the public body, with the advice of its attorney, determines that disclosure will seriously impair the ability of the public body to process the claim or conduct a pending investigation, litigation, or proceeding in the public interest." § 307(B)(4)

remedy and not to deny one; [and] (3) implying a remedy for the plaintiff would be consistent with the underlying purpose of the legislative scheme.

*Id.,* 1987 OK 99, ¶ 7, 744 P.2d 960, 963 (citing *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26).

 ¶ 13 Under part one of the test, we must determine whether Rabin–Hurst are a member of a special class for whom the statute was enacted. BRTA claims that the OOMA was enacted for the benefit of the general public, therefore, by definition it does not create any special class for Rabin–Hurst to be a member of. It further supports this proposition by citing to *Holbert,* "[w]hen a statute is created for the benefit of the public at large, no special class is created in its wake simply because a remedy for injured persons is fashioned." *Id.,* at ¶ 9, at 963. While it is true that the OOMA was created for the benefit of the public, it does not follow that the OOMA does not create a special class. As explained above, the OOMA was *specifically* and *especially* enacted for the benefit of the public. Unlike the original Act reviewed by *Holbert,* the OOMA states its public policy is to inform the public citizenry.[3] Thus, the special class is the general public, of which Rabin–Hurst are members.

 ¶ 14 The second part of the *Holbert* test is to determine whether the Oklahoma legislature intended to create a private right of action. BRTA argues the criminal penalty set forth in § 314 is the sole remedy for an aggrieved party and cannot be invoked by a member of the public. We disagree for two reasons.

¶ 15 The Oklahoma legislature enacted two provisions as part of the OOMA which provide for remedies outside of the criminal penalty outlined in § 314. Section 307 describes which and under what circumstances public bodies may enter into executive sessions. The statute states the remedies for violating this section as follows:

A willful violation of the provisions of this section shall: 1. Subject each member of the public body to criminal sanctions as provided in Section 314 of this title; *and 2. Cause the minutes and all other records of the executive session, including tape recordings, to be immediately made public.*

25 O.S.2011, § 307(F) (emphasis added). Section 313 provides a remedy for any violation of the OOMA: "Any action taken in willful violation of this act shall be invalid." 25 O.S.2011, § 313. The criminal penalty of fines and imprisonment is different and apart from forcing minutes to be made public and actions to be made invalid. Although a district attorney prosecuting a criminal action could invoke those remedies, we find no reason why those remedies should be invoked strictly within the confines of a criminal case subject to the prosecutorial discretion of a district attorney. The general public, the intended beneficiary of the OOMA, would not be well served should that narrow interpretation prevail. The only way to effectively serve the public would be to permit these remedies to be invoked in a private action, by a member of the very public the OOMA was intended to serve. In the case at bar, Rabin–Hurst have done exactly that. They are public citizens who have brought an action against an alleged violator of the OOMA and seek declaratory and injunctive relief as provided in §§ 307(F) and 313.

¶ 16 The intent of the legislature in the foregoing regard is reflected in a number of cases brought by private individuals under the OOMA wherein Oklahoma appellate courts have granted injunctive or declaratory relief. In *Lafalier v. Lead–Impacted Communities Relocation Assistance Trust,* 2010 OK 48, ¶ 42, 237 P.3d 181, 197, the Oklahoma Supreme Court found that a public body violated the OOMA when it held an executive session with unauthorized people in attendance. As a result of this violation, the court remanded the case to the trial court to determine "whether the violations were willful such that the minutes and records of the executive sessions should be immediately

---

3. *Holbert* held the original 1972 version of the Oklahoma Consumer Protection Act, 15 O.S. 2011, §§ 751, et seq., provided no private right of action. That Act was amended in 1988 to include such a right.

made public under title 25, section 307(F)(2)." *Id.* at ¶ 43, at 197.

¶ 17 Another case invalidating an act taken by a public body is *Okmulgee County Rural Water Dist. No. 2 v. Beggs Pub. Works Auth.*, 2009 OK CIV APP 51, ¶ 18, 211 P.3d 225, 229. In *Beggs,* the public body violated the OOMA when it failed to post proper notice of a meeting it held as required in § 303. *Id.* Due to the violation, the Court of Civil Appeals held the actions executed at the meeting were invalid. *Id.*

¶ 18 In a case similar to *Beggs,* the Court of Civil Appeals invalidated an action due to a violation of the OOMA. In *Haworth Board of Education of Independent School District No. I–6, McCurtain County v. Havens,* 1981 OK CIV APP 56, 637 P.2d 902, the public body, the Haworth School Board, held a meeting and approved the superintendant's employment contract. The Haworth School Board succeeding the Board that hired the superintendent alleged the superintendent's contract was void due to the lack of proper notice of the original meeting when the contract was approved. *Id.* at ¶¶ 1–2, at 903. The court found that the public notice was "deceptively vague and ambiguous," in violation of the OOMA. *Id.* at ¶ 14, at 904. Due to the violation, the court held that the contract was nullified pursuant to § 313 of the OOMA. *Id.* at ¶¶ 4, 14, at 903–04.

¶ 19 *Lafalier, Beggs,* and *Haworth* are three Oklahoma cases which have found a violation of the OOMA and used §§ 307(F) and 313 to remediate the violation. Had the legislature not intended for citizens to bring suit under the OOMA nor for civil courts to enforce §§ 307(F) and 313, it could have amended the OOMA to disallow such causes of action. Failure to do so indicates the intent of the legislature to allow private actions to be brought to remediate the violation.

■ ¶ 20 The third prong of the *Holbert* analysis requires us to determine whether implying a remedy for Rabin–Hurst would be consistent with the underlying purpose of and policy of the OOMA. To re-iterate: the public policy of the OOMA is to educate and inform the public on governmental processes.

The court in *Haworth* further described the purpose of the OOMA as follows:

> One purpose ... was to maintain the faith of the public in government agencies. Regardless of their good intentions, the specific boards and commissions, through devious ways, should not be allowed to deprive the public of its inalienable right to be present and heard at all deliberations wherein decisions affecting the public are being made.

*Haworth,* 1981 OK CIV APP at ¶ 9, 637 P.2d at 904 (citations omitted). As the underlying purpose of the OOMA is, at its very core, to maintain governmental transparency through open meetings, the remedies provided for in the statute, and requested by Rabin–Hurst, logically uphold the purpose of the OOMA.

¶ 21 Further, the courts of this state have noted the importance of the OOMA and the need to uphold it (see *Wilson, supra,* at ¶ 10, stating the OOMA "is to be construed liberally in favor of the public"; *In the Matter of the Appeal of the Order Declaring the Annexation Dated June 28, 1978,* 1981 OK CIV APP 57, ¶ 31, 637 P.2d 1270, 1275, "without vigorous enforcement [of the OOMA] in the courts, laudable legislation is reduced to 'mere words' ").

¶ 22 The two remedies in dispute are to make the minutes of the alleged improperly held executive session made public, and to invalidate any actions taken at the executive session. BRTA argues the appropriate remedy for any wrong is to initiate a criminal action against the violators. Suffice it to say, a criminal action subject only to prosecutorial discretion of a district attorney is likely to result only in a fine, and does not "right the wrong" of an OOMA violation. Whereas, making public the minutes of an improperly-held executive session and invalidating actions taken at same does "right the wrong" of the violation. If the wrong is keeping secret information that should be publicly known, then the logical remedy is to disclose the secret to the public. Such remedies are meaningful and vigorously uphold the purpose of the OOMA.

¶ 23 Accordingly, we find the trial court erred in dismissing the action for failure to state a claim upon which relief may be granted. We find Rabin–Hurst have standing to bring suit under the OOMA and it provides them with a cause of action to enforce their rights. The trial court's dismissal is reversed, and is remanded for further proceedings consistent with this opinion.

¶ 24 **REVERSED AND REMANDED.**

THORNBRUGH, P.J., and RAPP, J., concur.