OSCN Found Document:Question Submitted by: Chairman Troy L. Wilson, Workers' Compensation Commission

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 Question Submitted by: Chairman Troy L. Wilson, Workers' Compensation Commission
2014 OK AG 14
Decided: 10/31/2014
Oklahoma Attorney General Opinions
Cite as: 2014 OK AG 14, __ __

 
¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. If the Workers' Compensation Commission ("Commission"), in hearing appeals from judgments, decisions, or awards made by administrative law judges, arbitrators or appeals committees, is not subject to Article II of the Administrative Procedures Act, 75 O.S.2011 & Supp.2014, §§ 250 - 323, governing individual proceedings, may the Commission lawfully enter into executive session under the Open Meeting Act, 25 O.S.2011 & Supp.2014, §§ 301 - 314, to deliberate in order to render decisions on the appeals brought before them?
2. If the Commission is not permitted to enter into executive session under the Open Meeting Act, is the Commission permitted to deliberate regarding the appeals by virtue of the deliberative process privilege?
3. If the Commission is not permitted to deliberate outside of a public meeting under the Open Meeting Act or under the deliberative process privilege, is there another statutory provision or privilege permitting the Commission to maintain the confidentiality of the deliberative process?
¶1 In 2013 the Oklahoma Legislature enacted a comprehensive overhaul of the Workers' Compensation System, in which they created a new statutory body named the Oklahoma Workers' Compensation Commission ("Commission"). 2013 Okla. Sess. Laws ch. 208. The legislation contains three separate acts: the Administrative Workers' Compensation Act, 85A O.S.Supp.2013, §§ 1 - 125, the Oklahoma Employee Injury Benefit Act, id. §§ 200 - 213, and the Workers' Compensation Arbitration Act, id. §§ 300 - 328. Part of the Administrative Workers' Compensation Act that you referenced in your letter,[1] id. § 19(F), provides that "[a]ll appeals or disputes arising from actions of the Commission shall be governed by provisions of this act and the Commission shall not be subject to the provisions of the Oklahoma Administrative Procedures Act, except as provided in this act." Id. (emphasis added). In addition, the law requires that the Commission's hearings are to be open to the public. Id. § 72(B).
¶2 The Commission is charged with three types of appeals. Under the new law a party may appeal a decision made by an administrative law judge to the Commission, and the Commission is authorized to reverse, modify, or affirm the trial judge's decision. Id. § 78(A). Second, the Commission is required to review adverse benefit determinations under the Oklahoma Employee Injury Benefit Act. This act provides that the Commission, sitting en banc, is to hear petitions for review on adverse benefit decisions made by appeal committees of an employer's benefit plan. Id. § 211(B)(5)-(6). Finally, the Commission is charged with hearing motions to confirm, modify, correct, or vacate an arbitrator's award. Id. § 322. 
¶3 In light of all of these requirements, your questions relate to the ability of the Commission to confidentially deliberate during these appeal proceedings outside the presence of the parties and the public in executive session or outside of a public meeting.
The Workers' Compensation Commission Cannot Deliberate in Executive Session Under the Open Meeting Act, 25 O.S.Supp.2013, §§ 301 - 314, Nor Otherwise Confidentially Deliberate Pursuant to Any Other Statutory Provision or Privilege.
¶4 All agencies, unless exempted, are subject to the Oklahoma Administrative Procedures Act ("APA"), which provides specific statutory procedures that govern individual proceedings or hearings in Article II. 75 O.S.2011, § 250.1. The APA states, in relevant part, "[d]eliberations by administrative heads, hearing examiners, and other persons authorized by law may be held in executive session pursuant to paragraph 8 of subsection B of Section 307 of Title 25 of the Oklahoma Statutes." Id. § 309(D). The reciprocal provision is found in the Open Meeting Act's section authorizing executive sessions. 25 O.S.2011, § 307(B)(8). That provision authorizes public bodies to hold executive session for the purpose of "[e]ngaging in deliberations or rendering a final or intermediate decision in an individual proceeding pursuant to Article II of the Administrative Procedures Act[.]" Id. The Open Meeting Act, which governs all statutorily defined meetings[2] of public bodies, restricts executive sessions[3] to the specifically enumerated reasons listed in the act. Id. § 307(A). 
¶5 The Legislature plainly expressed its intent in the Open Meeting Act that "[a]ll meetings of public bodies . . . shall be held at specified times and places which are convenient to the public and shall be open to the public, except as hereinafter specifically provided." Id. § 303 (emphasis added). In light of this clear expression of legislative intent, we turn to Oklahoma Supreme Court precedent that provides, "[a] court is required to apply a plain, direct reading to an examined statute. If a statute is plain, unambiguous and its meaning clear, and no occasion for the application of the rules of construction exist, a statute will be accorded the meaning expressed by the language used." Mangrum v. Fensco, Inc., 1999 OK 78, ¶ 12, 989 P.2d 461, 464. Further, "[t]he Court presumes that the Legislature expressed its intent and that it intended what it expressed. Statutes are interpreted to attain that purpose and end championing the broad public policy purposes underlying them." Ledbetter v. Howard, 2012 OK 39, ¶ 12, 276 P.3d 1031, 1035 (footnotes omitted).
¶6 The statutes in question are clear in their meaning. Public bodies are permitted to engage in deliberations in an executive session for purposes of an individual proceeding, under both the APA and Open Meeting Act provisions, only when used in conjunction with the procedures found in Article II of the APA. By purposefully exempting the Commission from the APA, the Legislature removed the Commission's ability to confidentially deliberate under this provision. As the statutory language is clear we can only conclude that the Commission cannot meet in executive session for the purposes of holding deliberations in an individual proceeding. 
¶7 Finally, we are unable to locate any other statutory provisions or privileges directly applicable to the Commission that would authorize it to hold confidential deliberations.[4] When the Legislature enacted the Open Meeting Act and its subsequent amendments, it intended to restrict the ability of agencies to confidentially deliberate because one of the public policies of the Open Meeting Act is that agencies "should not be allowed to deprive the public of its inalienable right to be present and heard at all deliberations wherein decisions affecting the public are being made." Haworth Bd. of Educ. v. Havens, 1981 OK CIV APP 56, ¶ 9, 637 P.2d 902, 904 (quoting Bd. of Pub. Instruction. v. Doran, 224 So. 2d 693, 699 (Fla. 1969)). 
¶8 While we are aware that this conclusion may place the Commission in the unusual place of holding these deliberations in public, clear statutory language controls our analysis. We defer to the Legislature in making this public policy decision, and we must presume that the Legislature considered all of the consequences and determined that the public's interest would best be served by the Commission holding its deliberations in public. Cf. City of Anadarko v. Fraternal Order of Police, 1997 OK 14, ¶ 11, 934 P.2d 328, 332 (recognizing that elected lawmakers are aware of the consequences inherent in legislation).


¶9 It is, therefore, the official Opinion of the Attorney General that:
The Legislature intentionally and expressly exempted the Workers' Compensation Commission from Article II of the Administrative Procedures Act, 75 O.S.2011 & Supp.2014, §§ 250 - 323. This also excluded the Commission from using the individual proceeding deliberation provisions of the Open Meeting Act, 25 O.S.2011, § 307(B)(8), to engage in deliberations in executive session. As no other statutory provision or privilege permits the Commission to hold confidential deliberations in an individual proceeding, we conclude that the Commission must hold its deliberations in an open meeting. See Haworth Bd. of Educ., 1981 OK CIV APP 56, ¶ 9, 637 P.2d 902, 904. 


E. SCOTT PRUITT
Attorney General of Oklahoma
MATTHEW LAFON
Assistant Attorney General 
FOOTNOTES
[1] Letter from Troy L. Wilson, Chairman, Workers' Compensation Commission, to E. Scott Pruitt, Attorney General, Oklahoma (Aug. 18, 2014) (on file with author). 
[2] The Open Meeting Act defines meeting as: 
"Meeting" means the conduct of business of a public body by a majority of its members being personally together or, as authorized by Section 307.1 of this title, together pursuant to a videoconference. Meeting shall not include informal gatherings of a majority of the members of the public body when no business of the public body is discussed[.]
25 O.S. 2011, § 304(2).
[3] While not defined in the Open Meeting Act, "[a]n executive session, by definition, is closed to the public." Rabin v. Bartlesville Redevelopment Trust Auth., 2013 OK CIV APP 72, ¶ 10, 308 P.3d 191, 193.
[4] Your second question refers to the deliberative process privilege. The issue of whether this privilege exists in Oklahoma is currently the subject of pending litigation before the Oklahoma Supreme Court. It is the longstanding policy of this office not to answer questions presently pending before any court, and thus we must decline to answer question two. A.G. Opin 79-216, at 346.




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2013 OK CIV APP 72, 308 P.3d 191, RABIN v. BARTLESVILLE REDEVELOPMENT TRUST AUTHORITY
Discussed
 1981 OK CIV APP 56, 637 P.2d 902, Haworth Bd. of Ed. of Independent School Dist. No. I-6, McCurtain County v. Havens
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1997 OK 14, 934 P.2d 328, 68 OBJ 583, City of Anadarko v. Fraternal Order of Police, Lodge 118
Discussed
 2012 OK 39, 276 P.3d 1031, LEDBETTER v. HOWARD
Discussed
 1999 OK 78, 989 P.2d 461, 70 OBJ 2750, Mangrum v. Fensco, Inc.
Discussed
Title 25. Definitions and General Provisions
 Cite
Name
Level

 25 O.S. 301, Short Title
Discussed
 25 O.S. 304, Definitions
Cited
 25 O.S. 307, Executive Sessions
Discussed
Title 75. Statutes and Reports
 Cite
Name
Level

 75 O.S. 250, Short Title
Discussed
 75 O.S. 250.1, Composition of Administrative Procedures Act
Cited
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 1, Short Title
Cited